Frederick S. McClory, Defendant in Error, v. Sara Johnson Towne, Plaintiff in Error.

Gen. No. 21,471.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 13, 1916.

## Statement of the Case.

Action on a promissory note by Frederick S. McClory, plaintiff, against Sara Johnston Towne, defendant. To review a judgment for plaintiff for $479.47, the defendant prosecutes a writ of error.

The note was executed by the defendant August 16, 1901, due three months after date, to the order of herself and by her indorsed. Defendant's husband testified that he and defendant resided in Chicago; that Manie B. Ayres lived with them; that he was a practicing attorney and represented said Manie B. Ayres in certain business transactions; that in 1901 defendant moved to New York where she was to be joined by him and that he was in need of funds and wrote the defendant to execute certain notes and send them to him so that he could have them discounted and obtain the necessary funds; that the defendant executed the notes as requested, including the one in suit, and mailed them to him; that upon receipt of them he placed the note in question in a safe deposit box in Chicago where he kept other papers; that Manie B. Ayres also had a safe deposit box with the same company; that she requested him to permit her to put some of her papers in his box, stating that the one she had was too small; that the request was granted and Manie B. Ayres was given access to his box; that afterwards he removed some of the papers from the

box; that he did not recall anything further about the note until about the time of the institution of this suit, October 7, 1907; that he never delivered the note to Manie B. Ayres nor to any other person nor authorized any one else to do so. The evidence tends to show that Manie B. Ayres died intestate October 3, 1902, and letters of administration were issued by the County Court of Coles county, Illinois, October 6, 1902, to James F. Bell; that the note in question was found by the administrator among the effects of Mrs. Ayres in her safe deposit box in Chicago, and was inventoried in her estate as "bad"; that the administrator, after investigation, doubted the advisability of bringing suit thereon on account of the then financial condition of the defendant, and on January 9, 1905, the County Court of Coles county ordered the note filed; that it was later ordered to be turned over to Iona Bourne Bell as heir of said Manie B. Ayres. Subsequently, the administrator and his wife, Iona Bourne Bell, moved to Chicago, and the note in suit was given by the latter to the plaintiff in payment of legal services rendered.

FRANK N. REED, for plaintiff in error.

A. W. MARTIN and EDWARD H. S. MARTIN, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 377*—*when no presumption arises that possession of note was acquired illegally.* Where a note payable to the maker and indorsed by her was found among the papers of a deceased party and ordered by the Probate Court to be filed and

McClory v. Towne, 202 Ill. App. 185.

was later turned over by the administrator to one of the heirs and suit brought thereon by one to whom it had been given by the heir in payment for legal services, *held* that though the maker's husband, to whom the note had been given by the maker, testified that he had never parted with possession of it but that the last time he saw it it was in his safe deposit box to which the deceased had access, no presumption would be indulged that the deceased had obtained possession of the note unlawfully.

2. EXECUTORS AND ADMINISTRATORS, § 357*—*what assets may be distributed in kind.* Promissory notes belonging to an estate of a deceased person may be distributed in kind by the administrator.

3. BILLS AND NOTES, § 377*—*what is prima facie evidence of legal title.* Mere possession of a promissory note is prima facie evidence of legal title and right to sue thereon.

4. BILLS AND NOTES, § 391*—*when presumption arises that holder of note is an innocent holder for value.* In an action on a promissory note found among the papers of a deceased person, *held* that the presumption was that she had purchased it before maturity for value in due course of business and was an innocent holder thereof.

5. BILLS AND NOTES, § 410*—*when burden of proving plaintiff not a holder in due course is on defendant.* In an action by the holder of a promissory note, found among the papers of a deceased person, against the maker, *held* that the burden of proof that the deceased had not acquired title thereto in due course for value before maturity was upon the defendant.

6. BILLS AND NOTES, § 446*—*when evidence shows plaintiff a holder in due course.* In an action by the holder of a promissory note, found among the papers of a deceased person, against the maker, *held* that a finding that the deceased had acquired title thereto in due course of value before maturity was not manifestly against the weight of the evidence.

7. LIMITATION OF ACTIONS, § 58*—*when demurrer to plea of statute of limitations properly overruled.* In an action on a promissory note where an additional count, filed after the running of the statute of limitations, declared on the same note as the original declaration had declared on, *held* that a demurrer to the defendant's plea of the statute of limitations to the additional counts was properly overruled.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.